IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAY DOBSON,                          §
        Plaintiff,                  §
                                     §
                                     §
v.                                   §          No. 3:26-CV-529-G-BW
                                     §
BRIDGESTONE AMERICAS, INC., §
        Defendant.                 §          Referred to U.S. Magistrate Judge[1]

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendant Bridgestone Americas, Inc. ("Bridgestone") removed this action

from state court on February 18, 2026. (*See* Dkt. No. 1.) Plaintiff Jay Dobson,

appearing pro se in this action, has since filed numerous motions seeking remand.

(*See* Dkt. No. 10.) Pending before the Court are Dobson's Motion Final Argument

for Remand filed on February 24 (Dkt. No. 10), Motion for Remand and Request for

Sanctions and Costs filed on February 25 (Dkt. No. 11), Motion for Remand,

Sanctions, and Recognition of "Mute" Status filed on March 3 (Dkt. No. 21),

Motion to Strike and Mandatory Motion for Remand also filed on March 3 (Dkt.

No. 25), and Emergency Motion to Remand and Notice of Constitutional Violations

filed on March 30 (Dkt. No. 30). Bridgestone filed an omnibus response to the

---

[1] This action has been automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 4.)

motions on May 13 (Dkt. No. 88 ("Resp.")),[2] and, on May 15, Dobson filed a Response Supplement to Defendant's Omnibus Response (Dkt. No. 90 ("Reply")), which the undersigned treats as Dobson's reply.

For reasons that follow, the undersigned recommends that the District Judge deny Dobson's motions to remand or award sanctions.

## I.  BACKGROUND

Dobson filed this action in the 44th Judicial District Court for Dallas County, Texas, on January 16, 2026.  (*See* Dkt. No. 1-3 at 6-7, 16.)  In his two-page petition, Dobson named Bridgestone and Amy Hardy—alleged to be an insurance adjuster and agent of Bridgestone—as defendants and averred that Defendant engaged in bad-faith settlement practices on an insurance claim.  (*See id.* at 16.)  His factual averments are sparse, alleging that Hardy "engaged in intentional silence and 'ghosting,' failing to communicate with Plaintiff while . . . limitations approached," instructed Ebony Hardy to withhold information from her medical insurer, and offered a certain sum for pain and suffering despite knowing that Ebony's medical

---

[2] Dobson accuses Bridgestone of filings an overlength response brief that is 31 pages long.  (Reply at 1-2.)  But the substance of Bridgestone's response brief—excluding tables and signature blocks—was within the 25-page limit created by N.D. Tex. L. Civ. R. 7.2(c).  Yet both parties have failed to comply with N.D. Tex. Civ. P. 7.1(i)'s requirement to present supporting documents in a separate sequentially paginated appendix.  (*See, e.g.*, Resp.; Dkt. No. 10.)  The parties are admonished to comply with briefing rules going forward, as they allow the Court to resolve motions more efficiently.  *See Said v. EAN Holdings, LLC*, No. 3:24-CV-728-BW, 2024 WL 4557349, at *1 (N.D. Tex. Oct. 22, 2024).  Failure to comply with briefing rules in the future may result in striking filings or denying motions.

debt was larger than the amount offered. (*Id.*)  Hardy asserts claims for bad faith under Tex. Ins. Code §§ 541.060 and 541.061 and unconscionable conduct in violation of the Texas Deceptive Trade Practices Act ("DTPA").  In the petition, Dobson sought judgment for the amount of the medical debt ($50,900) and damages for mental anguish, loss of consortium, and treble damages for bad faith. (*Id.* at 17.)  In a motion for partial summary judgment filed in state court on February 2, Dobson itemized his damages, and they totaled more than $500,000. (*Id.* at 49.)

Bridgestone was served with process on January 30. (*See* Dkt. No. 1-3 at 7, 38.)  Dobson did not serve Hardy and, on May 15, 2026, filed his stipulation of dismissal of claims against Hardy without prejudice. (*See* Dkt. Nos. 7, 90.)

Bridgestone filed a notice of removal on February 18, 2026, based on diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Dkt. No. 1.)  It alleges that Dobson is a resident of Texas, Bridgestone is a Nevada corporation with its principal place of business in Tennessee, and Hardy is an individual who resides in Tennessee. (*See id.* at 1-2.)  Bridgestone also alleges that the amount in controversy exceeds $75,000. (*Id.* at 3.)

On February 19, Bridgestone filed a motion seeking a 60-day abatement of the case based on Dobson's assertion of a DTPA claim without first providing the 60-day notice required by Tex. Bus. & Com. Code § 17.505.[3]  The parties completed

---

[3] Dobson repeatedly violated the abatement order and is currently under a show cause order for sanctions for contumacious conduct. (*See* Dkt. Nos. 72, 85.)

briefing on  Dobson's remand motions after the abatement period expired.  In its response, Bridgestone explains that this lawsuit arises out of a single-vehicle accident involving Dobson's wife, Ebone, and minor child on February 1, 2024.  (Resp. at 7.) Soon after leaving a Firestone Complete Auto Care Center in Grand Prairie in their 1980 Chevrolet El Camino, Ebone claimed that she and her daughter were injured after a car's wheel detached.  (*Id.*)  The Dobsons presented their claim for property damage and personal injury to a Bridgestone entity.  The parties reached a negotiated settlement, and Ebone executed a full release of Bridgestone and its retail entity. (*Id.*)  Bridgestone paid the settlement without involving any insurance company.  (*Id.*)

## II.  LEGAL STANDARDS

A defendant may remove a case based on diversity jurisdiction under 28 U.S.C. § 1332(a) when there is complete diversity between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1441(a).  When assessing whether the amount in controversy has been met, a court first looks to the plaintiff's complaint.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  When the plaintiff demands a sum certain, that sum is presumed to be the amount in controversy so long as it is asserted in good faith.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  When the complaint does not demand a specified sum, the defendant's notice of removal must make a plausible allegation that the amount in controversy is more than $75,000.  *See id.*

If the plaintiff contests the amount in controversy, the defendant bears the burden to show by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold.  *Id.* at 88.  The defendant meets its burden when it is apparent from the face of the complaint that the claims are likely to exceed $75,000 or the defendant puts forward evidence supporting a finding that the amount exceeds the threshold.  *Manguno*, 276 F.3d at 723.  Once a defendant satisfies its burden, "the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs."  *McCauley v. Kroger Co.*, No. 3:19-CV-2673-D, 2020 WL 208816, at *2 (N.D. Tex. Jan. 14, 2020) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

"To determine whether removal jurisdiction exists, a court must consider the claims in a plaintiff's state court petition as they exist at the time of removal." *Wagner v. FedEx Freight, Inc.*, 315 F. Supp. 3d 916, 919 (N.D. Tex. 2018) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003), and *Manguno*, 276 F.3d at 723). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id.* (quoting *Manguno*, 276 F.3d at 723).

## III.  ANALYSIS

The record establishes that Bridgestone removed this action based on diversity jurisdiction under § 1332(a).  (*See* Dkt. No. 1.)  It was served with the state court citation on January 30 and filed its notice of removal within 30 days as required by

28 U.S.C. § 1446(b)(1).  Dobson alleges that he is a resident of Texas (*see* Dkt. No. 1-3 at 16), and Bridgestone alleges that it is incorporated in Nevada and principally located in Tennessee and that Hardy is a resident of Tennessee (*see* Dkt. No. 1 at 1-2.)  There is complete diversity of citizenship between Dobson and Defendants.  Additionally, Dobson's demand filed in state court seeking more than $500,000 in damages establishes that the amount in controversy is met.

Dobson raises multiple arguments for remand.  First, he points to what he calls a "shall not" mandate of Tex. Ins. Code § 101.353, saying that Bridgestone is precluded from appearing or filing documents in a case without first posting a bond.  (*See* Dkt. Nos. 10, 25, 30.)  Second, Dobson contends that Bridgestone misrepresents the record and suggests that Defendant was "locked out" by February 11 and unable to file anything in the state case.  (*See* Dkt. Nos. 11, 21.)  Third, he asserts that the McCarran-Ferguson Act precludes removal.  (*See* Dkt. No. 10 at 2.)  He also somehow contends that remand is necessitated because counsel is disqualified, based on unspecified statutory and constitutional violations or as a result of a recent Supreme Court's decision.  None of Dobson's arguments, as the undersigned discern them, has merit.

Dobson's first argument for remand is premised on the belief that Bridgestone is an unauthorized insurer.  But Dobson's allegations do not suggest that it is.  Under Tex. Ins. Code § 101.002(a)(1), a insurer is a company or person "(A) engaged as a principal in the business of insurance; (B) an interinsurance exchange or mutual

-6-

benefit society; or (C) an insurance exchange or syndicate."  Bridgestone's

negotiation and payment of a claim that was made against it does not mean that it is

engaged "in the business of insurance."  Dobson has not plausibly alleged, for

example, that Bridgestone makes insurance contracts, generally acts as a guarantor

or surety, receives insurance applications, collects insurance premiums or fees, issues

insurance contracts, or does any of the other things that constitute the business of

insurance under Texas law.  *See* Tex. Ins. Code § 101.051(b).  Therefore, to the

extent Dobson's arguments for remand are predicated on his suggestion that

Bridgestone is precluded by § 101.353 from appearing in the action or filing any

document in court without first posting bond, his argument is unmeritorious because

Bridgestone is not an unauthorized insurer.

Dobson's argument concerning alleged fraud or misrepresentation of the

record fails to persuade the undersigned that remand is warranted.  (*See, e.g.*, Dkt.

No. 10 at 3 ("This Court lacks jurisdiction because the removal was built on

Procedural Fraud[.]").)  Dobson's contention, as the undersigned understands it, is

that Bridgestone falsely claims that it filed its answer in state court on 12:42 p.m. on

February 18 but that the file-stamped record shows that it was filed at 4:06 p.m.  (*Id.*)

Then, Dobson asserts, Bridgestone "hit" him with a "blitz" of filings between 5:10

p.m. and 6:00 p.m., which violated the Fourth, Fifth, Sixth, Seventh, and Fourteenth

Amendments.  (*Id.*)

Dobson's argument does not make sense, and it is contradicted by the record. The file stamp affixed by the state court to the top-right corner of Bridgestone's answer shows that it was filed at 12:42 p.m. on February 18, 2026.  (*See* Dkt. No. 1-3 at 396.)  Bridgestone filed its notice of removal later that day, which appears to be part of the "blitz" to which Dobson refers.  In any event, Dobson has not shown that Bridgestone's notices of filings somehow violated the constitutional amendments cited.

Dobson's reliance on the McCarran-Ferguson Act is similarly misguided.  He refers to the "reverse-preemption mandate," arguing that federal law cannot "impair or supersede" state insurance regulations and refers back to the state law requiring Bridgestone to post a bond.  (Dkt. No. 1 at 2.)  But, as explained above, Dobson has not shown that Bridgestone is an insurer and that the state law requiring bond applies to it.

Finally, Dobson's bevy of other arguments do not provide grounds for remand.  Dobson's assertion that counsel should be disqualified as a witness in this case, even if true, does not affect subject matter jurisdiction.  Similarly, Dobson's reliance on *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421 (2026), does not apply or suggest remand here.  In that case, the Supreme Court held that a district court's erroneous dismissal of a non-diverse party before entering final judgment did not cure a jurisdictional defect that existed when the case was removed.  *Id.* at 424-25. That issue is not present here, as complete diversity exists because Dobson is a

-8-

resident of Texas and neither defendant is considered a Texas resident.  *See Stevenson v. Walmart, Inc.*, No. 3:25-CV-1498-G, 2026 WL 836574, at \*2 (N.D. Tex. Mar. 26, 2026) ("Diversity of citizenship exists only when none of the defendants is a citizen of the same state as the plaintiff.").

Because the undersigned recommends that Plaintiff's motions to remand lack merit and should be denied, his request for fees and sanctions under 28 U.S.C. § 1447(c) also should be deined.10, 11, 21, 25, 30

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's motions to remand and associated sanctions (*see* Dkt. Nos. 10, 11, 21, 25, 30).

**SO RECOMMENDED** on May 18, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).