IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY DOBSON,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-529-G-BW |
| | § | |
| BRIDGESTONE AMERICAS, INC.,<br>Defendant. | §<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On August 24, 2026, Senior United States District Judge A. Joe Fish entered judgment dismissing Plaintiff Jay Dobson's claim with prejudice pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 147.) Now before the Court are Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 152 ("59(e) Mot.")) and Urgent Motion to Vacate Void Dismissal Order and Remand to State Court for Lack of Jurisdiction (Dkt. No. 153 ("Remand Mot.")). The undersigned magistrate judge recommends that the District Judge deny the motions.

## I. BACKGROUND

Comprehensive recitations of this case's procedural history are provided in prior orders and need not be repeated at length here. (*See, e.g.*, Dkt. Nos. 93, 143.)

[1] This action has been automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 4.)

Defendant Bridgestone Americas, Inc. removed this action from state court based on diversity jurisdiction provided by 28 U.S.C. § 1332(a). (*See* Dkt. No. 1.) Soon thereafter, Dobson filed motions to remand contesting the Court's jurisdiction, asserting that Bridgestone must be precluded from defending itself in this lawsuit and alleging fraud in connection with removal. (*See, e.g.*, Dkt. No. 10, 11, 21, 25, 30.) In May 2026, the Court rejected Dobson's arguments and denied his motions to remand. (*See* Dkt. Nos. 93, 97.)

Dobson persistently filed motions and notices demanding immediate remand of the case to state court. He did so both before and after the Court's denial of his remand motions, and in many instances he did so in violation of court orders. After multiple warnings and a show-cause order, the Court dismissed the action pursuant to Rule 41(b) due to Dobson's contumacious contact and failure to follow court orders. (*See* Dkt. Nos. 143, 146.)

Dobson's filings did not abate post-judgment. (*See* Dkt. Nos. 148, 149, 150, 151, 152, 153, 154, 155, 156, 157.) In the two instant motions, Dobson raises many of the same arguments previously made concerning the Court's jurisdiction and allegedly defective removal. He also raises a procedural complaint about the Court's dismissal order, suggests that Bridgestone engaged in bad-faith conduct by taking repudiating offers or positions taken during pre-suit negotiations, and contends that the Court erred in finding that he engaged in contumacious conduct.

## II. LEGAL STANDARDS

Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, No. CIV.A.3:05CV2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009)). A Rule 59(e) motion is "not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Cont. Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2025)). The movant must demonstrate valid reasons to justify a court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, No. 3:04-CV-450-D, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008).

While "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emps. Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

## III. ANALYSIS

Dobson's motions do not cite any change in controlling law, nor do they present any new evidence. The undersigned therefore considers whether Dobson has shown a manifest error of law or fact. (*See* Rule 59(e) Mot. at 1.) Many of the arguments he makes concerning the allegedly defective removal and absence of jurisdiction were previously considered and rejected, and they do not provide grounds for altering or amending the judgment under Rule 59(e). *See Brown v. Barrett Burke Wilson Castle Daffin & Frappier, LLP*, No. 3:06-CV-363-G, 2007 WL 628057, at *3 (N.D. Tex. Feb. 28, 2007) (denying Rule 59(e) based on arguments previously raised and considered by the court).

With respect to dismissal, Dobson complains that the Court accepted the undersigned's findings, conclusions, and recommendation ("FCR") prematurely. (Rule 59(e) Mot. at 2.) The undersigned entered the FCR on August 13 and advised Dobson of his 14-day window during which he could file objections under 28 U.S.C. § 636(b). (*See* Dkt. No. 143.) Dobson did so, and his objections were entered on August 24. (*See* Dkt. No. 145.) After considering those objections, Judge Fish accepted the FCR later that day and entered judgment dismissing the action. (*See* Dkt. Nos. 146, 147.) In his Rule 59(e) motion, Dobson complains that the Court acted on the FCR before the 14-day window closed on August 27, thus "denying Plaintiff the right to a complete review cycle." (Rule 59(e) Mot. at 2.)

Dobson's challenge to dismissal lacks merit. Section 636(b)(1)(C) does not preclude a district judge from acting in the 14 days following entry of the FCR. Rather, it creates a 14-day period during which any party may file written objections. Despite Dobson's practice to the contrary in this action, he had the right to file his objections to the FCR only once, and he did so. Judge Fish was not obligated the wait the remainder of the 14 days before resolving those objections. *See Pete v. Small Bus. Admin.*, No. 1:25-CV-00223-MAC-CLS, 2025 WL 2671536, at *1 (E.D. Tex. Aug. 27, 2025) ("A party is permitted to file objections to the recommendation of a magistrate judge within 14 days of its issuance. But nothing allows that same party to again object to the same report and recommendation, especially after the district court overruled the initial objections and adopted the recommendation." (citation omitted)), *adopted*, 2025 WL 2663662 (E.D. Tex. Sept. 17, 2025).

Next, Dobson discusses pre-suit negotiations with Bridgestone and avers that Defendant's counsel subsequently "repudiated" Bridgestone's prior positions and "breach[ed] the prior understanding." (Rule 59(e) Mot. at 2.) The import of these allegations is unclear, but it does not demonstrate that any manifest error of law or fact occurred in connection with the dismissal of this lawsuit. Dobson does not allege that any settlement agreement was reached, and he has not shown how Bridgestone would have been obligated, during this litigation, to honor any offers or negotiation positions taken in an effort to resolve the matter outside of litigation.

Finally, Dobson seeks relief from the judgment based on instances in which he did not promptly receive filings in this case. Relying on these instances, Dobson suggests the Court erred in finding that his conduct was contumacious rather than uninformed. (*See* Rule 59(e) Mot. at 2.) The record reflects that, in early March 2026, multiple docket entries were returned to the clerk undelivered due to "no such number" or insufficient address. In each instance, however, the address was corrected based on Dobson's filings and re-mailed to that address. (*See* Dkt. Nos. 36, 37, 47, 48, 49.) Additionally, Dobson had each of these documents by March 10, when they were hand-delivered to him. (*See* Mar. 10, 2026 Dkt. Entry; Dkt. Nos. 47, 48, 49.) *See Camden Dev. Inc. v. Tolbert*, No. 3:23-CV-1293-D, 2023 WL 8656024 (N.D. Tex. Dec. 13, 2023) (denying Rule 59(e) motion premised on argument that party did not receive filings where record showed they were mailed to party). By that time, Dobson was aware of his responsibility to update his address and his obligation to register to receive court filings electronically. (*See* Dkt. No. 6.) Moreover, Dobson's delayed receipt of these orders factored into the Court's willingness to overlook some of his vexatious filings. (*See* Dkt. No. 92 at 3-4 (May 18, 2026 Order declining to recommend dismissal on show-cause order, recognizing that "some of the orders and other filings docketed early in the abatement period were returned undelivered").) Nonetheless, the record is clear that Dobson's contumacious conduct—and the Court's warnings—occurred much later than March 2026, when Dobson was well informed of his obligations and the Court's warnings about his

litigation conduct. The record fully supports the Court's finding that Dobson's sanctionable conduct resulted from willful disregard of court orders and contumacious conduct rather than misunderstanding, negligence, or a lack of awareness of the Court's orders. Dobson does not show that any manifest error of fact occurred.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 152) and Urgent Motion to Vacate Void Dismissal Order and Remand to State Court for Lack of Jurisdiction (Dkt. No. 153).

**SO RECOMMENDED** on September 10, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).